

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

Hon. R. T. Burns
County Attorney
Walker County
Huntsville, Texas

Dear Sir:        Opinion No. O-1649
               Re: Is the salary of the half-time employee
                   of the county attorney, as described,
                   an expense that can be deducted in ar-
                   riving at the maximum salary of the
                   county attorney?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"I am writing you with reference to a question that has come up in regard to my office; that is, in making my annual report and deducting the expenses allowable under Article 3883 to 3899, inclusive, and the facts are as follows, to-wit:

"I have employed here in my office a young lady who works half time and goes to the Sam Houston State Teachers College one-half day for six days a week and, in my opinion, she is a clerk, or office helper, in my office. Her duties are as follows: to obtain the mail at the post office, file letters, prepare judgments and criminal cases where the defendants have been convicted and carry said judgments to the County Court, or County Judge, for signatures and to the County Clerk for filing, preparing complaints and informations to be filed in the Justice and County Courts, and also to write letters, and several other things that I could give you. But I believe this is enough to convince you that she is not a stenographer, but a clerk, or office helper. I want you to know the character of work that she is doing.

"I would like for you to give me an opinion as to whether or not, under law, I am authorized to deduct her wages as expenses of the office,

which I believe I am entitled to do.  On the 15th
day of July, 1939, I received a letter from the
Honorable Tom 0. King, state auditor, about the
same question, and he informed me and I quote from
his letter, as follows:

"'I wish to refer you to Article 3899,
Vernon Civil Statutes, which is the act
regulating expenses of public officials in
which your office would be included, the
article providing for all actual and
necessary expenses incurred in the conduct
of the office.  In my opinion, this author-
ity cannot be questioned and is one coming
under the authorized administrative dis-
cretion granted to administrative officials.

"'It would seem to me that the only ques-
tion that could be raised in this instance
would be the necessity of such service in
your office as a county official.  This mat-
ter is included under the authorized dis-
cretion to administrative authority confer-
red by our statutes creating county adminis-
trative offices and cannot be otherwise
questioned.'

"This is the letter in which Mr. King gave me
his opinion on July 15, 1939.  As stated above, the
young lady, in my opinion, is just an office helper,
and I believe that under the reasoning of this
statute, Article 3902, and the other articles taken
into conjunction therewith, I am entitled to this
deduction; and I would appreciate very much having
your opinion on this matter."

The county officials of Walker County are compensated
on a fee basis.  The population of said county according to
the last Federal Census is eighteen thousand five hundred and
twenty-eight (18,528).

Articles 3883, 3891 and 3899 of Vernon's Civil An-
notated Statutes read in part as follows:

Article 3883:

"Except as otherwise provided in this Act,
the annual fees that may be retained by precinct,
county and district officers mentioned in this
Article shall be as follows:

"1.  In counties containing twenty five (25,000) thousand or less inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; Justice of the Peace and Constable, Twelve Hundred ($1200.00) Dollars each...."

Article 3891:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law.  If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars $3,000). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Fourteen Hundred Dollars ($1400).  ....."

Article 3899:

"(a)  At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other

necessary expenses.  The Commissioners' Court
of the county of the Sheriff's residence may,
upon the written and sworn application of the
Sheriff stating the necessity therefor, pur-
chase equipment for a bureau of criminal iden-
tification such as cameras, finger print cards,
inks, chemicals, microscopes, radio and labora-
tory equipment, filing cards, filing cabinets,
tear gas and other equipment in keeping with
the system in use by the Department of Public
Safety of this State or the United State Depart-
ment of Justice and/or Bureau of Criminal Ident-
fication.  If such expenses be incurred in con-
nection with any particular case, such state-
ment shall name such case.  Such expense account
shall be subject to the audit of the County
Auditor, if any, otherwise by the Commissioners'
Court; and if it appears that any item of such
expense was not incurred by such officer or
such item was not a necessary expense of office,
such item shall be by such auditor or court rejected,
in which case the collections of such item may
be adjudicated in any court of competent jurisdiction.
The amount of salaries paid to Assistants and
Deputies shall also be clearly shown by such
officer, giving the name, position and amount
paid each; and in no event shall any officer
show any greater amount than actually paid any
such Assistant or Deputy.  The amount of such
expenses, together with the amount of salaries
paid to Assistants, Deputies and Clerks shall
be paid out of the fees earned by such officer.
The Commissioners' Court of the county of the
Sheriff's residence may, upon the written and
sworn application of the Sheriff stating the
necessity therefor, allow one or more automobiles
to be used by the Sheriff in the discharge of
his official duties, which, if purchased by the
County, shall be bought in the manner prescribed
by law for the purchase of supplies and paid
for out of the General Fund of the county and
they shall be and remain the property of the
county.  The expense of maintenance, deprecia-
tion and operation of such automobiles as may
be allowed, whether purchased by the county or
owned by the Sheriff or his Deputies personally,
shall be paid for by the Sheriff and the amount
thereof shall be reported by the Sheriff, on the
report above mentioned, in the same manner as
herein provided for other expenses......"

Article 3902, Vernon's Civil Annotated Statutes, reads in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he  shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid.  Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office.  Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compansation shall not exceed the maximum amount hereinafter set out.  The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"1.  In counties having a population of twenty-five thousand (25,000) or less inhabitants, first assistant or chief deputy not to exceed Eighteen Hundred ($1800.00) Dollars per annum; other assistants, deputies or clerks not to exceed Fifteen Hundred ($1500.00) Dollars per annum each....."

In counties where the county officials are compensated on a fee basis, Section (a) of Article 3899, supra, specifically provides that the amount of salaries paid to assistants, deputies and clerks shall be paid out of the fees earned by such officer.  Article 3902, supra, provides the

manner in which deputies, assistants or clerks or any district, county or precinct officer must be appointed. Any deputy, assistant or clerk of any district, county or precinct officer must be appointed in compliance with Article 3902, to be entitled to receive compensation as such. Under the above mentioned statute the salaries of assistants, deputies and clerks are authorized expenses which may be deducted in arriving at the maximum salary of their principals.

Therefore, in view of the foregoing statutes you are respectfully advised that it is the opinion of this department that when a clerk is appointed by the county attorney in compliance with Article 3902, the salary of such clerk can be legally deducted in arriving at the maximum salary of the county attorney as provided by law.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:AW:


APPROVED FEB 5, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman